2023-1093, 2023-1141

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

VANDEWATER INTERNATIONAL INC.,

Plaintiff,

SIGMA CORPORATION, SMITH-COOPER INTERNATIONAL, INC.,

Plaintiffs-Appellants,

v.

UNITED STATES, ISLAND INDUSTRIES,

Defendants-Appellees.

Appeal from the United States Court of International Trade
in Case No. 1:18-CV-00199
Senior Judge Leo M. Gordon

## PLAINTIFF-APPELLANT SIGMA CORPORATION'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION FOR AN EXTENSION OF TIME

Pursuant to Fed. R. App. P. 26 and 27 and Fed. Cir. R. 26 and 27, Plaintiff-Appellant Sigma Corporation ("Sigma") submits this opposition to Defendant-Appellee United States' Motion for an Extension of Time to File Its Response Brief (ECF 16). In accordance with the Practice Notes to Fed. Cir. R. 26, Sigma is filing this response promptly.

In its motion, Defendant-Appellee requests a 58-day extension of time to file its response brief.  In a typical case, Sigma (and its counsel) would have no difficulties with consenting to an opposing party's motion for an extension of time to file a brief – even one of considerable length as that requested by Defendant-Appellee.  This, however, is not a typical case.  Sigma is unable to consent to Defendant-Appellee's current request because a further delay in the briefing will result in a further delay in the resolution of this case, resulting in prejudice to Sigma.

As explained in its brief, Sigma is involved in a parallel appeal before the Ninth Circuit, *Island Industries, Inc. v. Sigma Corporation* ("*Island*"), regarding damages sought by Defendant-Appellee Island Industries ("Island") under the False Claims Act.  ECF 13 at 19-20.  Island claims that Sigma is "liable under the False Claims Act because they allegedly imported 'welded outlets' from China, but failed to pay antidumping duties imposed by Commerce under the Butt-Weld Order."  *Id.*

The outcome of that appeal may depend on the outcome in this appeal.  One day after Sigma submitted its opening brief to this Court, the Ninth Circuit held oral argument in *Island*.  During that argument, one of the first questions asked by Circuit Judge Bennett was whether the Ninth Circuit should "wait for the Federal Circuit to decide before we decide this case?"  *See* United States Court of Appeals for the Ninth Circuit, *22-55063 Island Industries v. Sigma Corporation*, YOUTUBE (Jan. 10, 2023) https://www.youtube.com/watch?v=zjrwNwe0L2g&t=2m45s  (link  to  discussion

starting 2 minutes, 45 seconds into video). Sigma's counsel responded that it would be "informative to wait for the Federal Circuit to rule." *See id.* Although the Ninth Circuit has not stayed *Island*, it is apparent from the Ninth Circuit's oral argument that the Ninth Circuit believes that the outcome of this appeal might affect *Island*.

In sum, the disposition of this appeal has ramifications beyond this Court's immediate ruling. An undue delay of 58 days in the briefing schedule would accordingly delay resolution – not just of this case, but of Sigma's appeal in the Ninth Circuit – thereby prejudicing Sigma. To this end, during the discussion with counsel for Defendant-Appellee, counsel for Sigma stated that it would consent to a shorter extension of time, in particular, for 14 days. Counsel for Defendant-Appellee did not agree to that shorter extension, and consequently, Sigma opposes its motion.

For these reasons, the Court should deny Defendant-Appellee's Motion for an Extension of Time.

Respectfully submitted,

/s/ *Lucius B. Lau*
Walter J. Spak
Lucius B. Lau
Ron Kendler
WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Counsel to Plaintiff-Appellant Sigma Corporation

February 9, 2023

3

FORM 9. Certificate of Interest

Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2023-1093, -1141 |
| **Short Case Caption** | Vandewater International Inc. v. US |
| **Filing Party/Entity** | SIGMA Corporation |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/09/2023

Signature: /s/ Lucius B. Lau

Name: Lucius B. Lau

FORM 9. Certificate of Interest

| **1. Represented Entities.**<br>Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.**<br>Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.**<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| SIGMA Corporation | | Fairfax Financial Holdings LTD |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable            ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable            ☐ Additional pages attached

| | | |
|---|---|---|
| Carbon Steel But-Weld Pipe Fittings from Peoples Republic of China; SCO - Vandewater | A-570-814 | Department of Commerce |
| Sigma Corporation v. United States and Island Industries | 19-00003 | Court of International Trade |
| Vandewater International Inc. v. US | 2023-1411 | Court of Appeals for the Federal Circuit |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable            ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# CERTIFICATE OF SERVICE

## <u>Vandewater International Inc. v. US</u>
## CAFC Court Nos. 2023-1093, 2023-1141

I hereby certify that on February 9, 2023 the foregoing document filed on behalf of SIGMA Corporation was served upon all parties by operation of the Court's electronic filing system.

Date: February 9, 2023

*/s/ Lucius B. Lau*
Lucius B. Lau
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600